NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

APR 25 2019

FOR THE NINTH CIRCUIT

In re:  CRYSTAL WATERFALLS, LLC, DBA Park Inn By Radisson,

Debtor,

_____

B3 CAPITAL VENTURE, LLC,

Plaintiff-Appellant,

v.

CRYSTAL WATERFALLS, LLC, DBA Park Inn By Radisson,

Defendant-Appellee.

No.    17-56759

D.C. No. 2:17-cv-02730-JAK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted March 7, 2019
Pasadena, California

Before:  THOMAS, Chief Circuit Judge, and GILMAN** and NGUYEN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Creditor B3 Capital Venture, LLC appeals from the district court's judgment affirming the bankruptcy court's order granting in part and denying in part B3's oversecured claim against the estate of debtor Crystal Waterfalls, LLC. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

We review the bankruptcy court's factual findings for clear error and its determinations of law, including the disallowance of a claim, de novo. *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019–20 (9th Cir. 2012). We may affirm the district court's order affirming the bankruptcy court "on any ground finding support in the record." *In re Crystal Props., Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001) (quoting *Laboa v. Calderon*, 224 F.3d 972, 981 n.7 (9th Cir. 2000)). "We will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *In re Hoopai*, 581 F.3d 1090, 1095 (9th Cir. 2009) (quoting *In re Kord Enters. II*, 139 F.3d 684, 686 (9th Cir. 1998)).

**1.** The bankruptcy court did not err by denying B3's claim for default interest prior to the date that B3 assumed the loan. First Commercial Bank ("FCB") waived any right to default interest by accepting late payments without objection, *see* Cal. Civ. Proc. Code § 2076; *Talbot v. Gadia*, 267 P.2d 436, 440 (Cal. Ct. App. 1954), and by providing Crystal Waterfalls an estimated payoff

2

amount that was inconsistent with an intent to impose default interest, *see Crystal Props.*, 268 F.3d at 753.

The loan agreement's anti-waiver clause did not vitiate FCB's waiver as to past payments; it merely preserved any right that FCB had to collect default interest in the future. *See Bettelheim v. Hagstrom Food Stores, Inc.*, 249 P.2d 301, 305 (Cal. Ct. App. 1952). Nor is B3 a holder in due course because it took the note with "notice that the instrument [was] overdue," Cal. Com. Code §§ 3302(a)(2)(C), 3304(b)(3). Next, the bankruptcy court did not abuse its discretion by allowing Crystal Waterfalls the opportunity to supplement its reply brief on account of B3's late opposition brief. Finally, the court did not violate B3's due process rights by rejecting as untimely evidence that B3 should have submitted prior to its motion for reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**2.** The bankruptcy court also did not err in finding that B3 is not entitled to post-2016 attorney's fees. B3 filed an untimely amended proof of claim on January 16, 2017, nine days before the hearing, in which it claimed fees only through 2016. The bankruptcy court denied B3's request to amend its proof of claim for a second time based on the court's reasonable finding that the cost of post-hearing proceedings would prejudice the estate and other creditors. This ruling was not an abuse of discretion. *See In re Roberts Farms Inc.*, 980 F.2d

1248, 1251 (9th Cir. 1992) ("The crucial inquiry is whether the opposing party would be unduly prejudiced by the amendment.").

**AFFIRMED.**